IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| U.S. BANK TRUST NATIONAL ASSOCIATION in its capacity as Trustee for the LSF9 Master Participation Trust,<br><br>Plaintiff,<br><br>v.<br><br>RACHELLE JONES and JOHN JONES,<br><br>Defendants. | No. 4:22-CV-00631-DGK |

## ORDER VACATING CLERK'S ENTRY OF DEFAULT

This is a judicial foreclosure action brought by Plaintiff U.S. Bank Trust National Association in its capacity as Trustee for the LSF9 Master Participation Trust ("Plaintiff") against Defendants Rachelle Jones and John Jones. Now before the Court are Defendants' pro se motion to vacate the clerk's entry of default, ECF No. 26, and Plaintiff's motion for default judgment, ECF No. 30. Defendants' motion is GRANTED, and Plaintiff's motion is DENIED AS MOOT.

Defendants are ORDERED to file an answer or other responsive pleading to Plaintiff's Complaint on or before February 20, 2024. The Court encourages Defendants to obtain counsel during this time. Given this case is over a year old and no progress has been made on the merits, no extensions will be granted. The parties shall abide by all future deadlines. Additionally, going forward, given the lack of progress in this case, the Court is unlikely to grant extensions of time absent extraordinary circumstances.

### Background

On October 5, 2022, Plaintiff filed its Complaint for judicial foreclosure of Defendants'

real property located at 102 NE Evansdale Rd., Kansas City, Missouri, 64116.[1] On February 24, 2023, Plaintiff requested the summons and Complaint be issued via certified mail to Defendants. ECF No. 12. The Court granted the request, ECF No 13, and Defendants were served at 102 NE Evansdale Rd. via certified mail on March 6, 2023. *See* Returns of Service, ECF Nos. 15, 16. Defendants have not answered or otherwise responded to the Complaint to date.

On April 28, 2023, Plaintiff filed a motion for an entry of clerk's default. ECF No. 19. On May 1, 2023, the Court ordered Defendants to show cause "in writing within thirty days from the date of this [Order] why default should not be entered against [them]." Show Cause Order at 2, ECF No. 20. On May 18, 2023—only seventeen days after the Court issued its Show Cause Order—the Court granted Plaintiff's motion for entry of clerk's default, ECF No. 24, and the Clerk made an entry of default, ECF No. 25. According to the docket, Defendants received a copy of that Order and the clerk's entry of default on May 27, 2023. *See* Return of Service, ECF No. 27. Four days later, on May 31, 2023, Defendants filed their pro se motion to vacate the entry of default, arguing Plaintiff failed to serve them with a copy of the summons, a copy of the Court's Show Cause Order, and other unspecified filings. ECF No. 26.

On November 20, 2023, Plaintiff filed a motion for default judgment, ECF No. 30, which Defendants oppose, ECF No. 32. On December 20, 2023, this case was reassigned to the undersigned for all further proceedings.

**Discussion**

Under Federal Rule of Civil Procedure 55(c), a court may set aside an entry of default for good cause. *See Grant v. City of Blytheville*, 841 F.3d 767, 772 (8th Cir. 2016). "[M]ost [courts]

---

[1] Plaintiff's Complaint cites two addresses: 102 NE Evansdale Rd. (the correct address) and 104 NE Evansdale Rd. (the incorrect address). This mistake inadvertently caused confusion and has led Defendants to conclude this error was purposeful. *See, e.g.*, Pl.'s Mot. to Vacate Clerk's Entry of Default, ECF No. 26. There is no evidence that Plaintiff's error was purposeful or designed to place Defendants at a disadvantage.

. . . hold that relief from a default judgment requires a stronger showing of excuse than relief from a mere default order." *Id.* (quoting *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998)). "This is because 'it is likely that a party who promptly attacks an entry of default, rather than waiting for grant of a default judgment, was guilty of an oversight and wishes to defend the case on the merits.'" *Id.* (quoting *Johnson*, 140 F.3d at 784).

The Court weighs the following factors in determining whether good cause exists: Whether the defaulting party's conduct "was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused." *Id.* (quoting *Johnson*, 140 F.3d at 784). "[P]rejudice may not be found from delay alone or from the fact that the defaulting party will be permitted to defend on the merits." *Johnson*, 140 F.3d at 785. The prejudice must be more concrete in nature, e.g., "loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Id.* (quotation omitted). Importantly, there is "judicial preference for adjudication on the merits." *Oberstar v. F.D.I.C.*, 987 F.2d 494, 504 (8th Cir. 1993).

Here, while this is a close call, the Court finds good cause exists to set aside the entry of default. First, the Court cannot conclude Defendants' failure to respond was blameworthy or culpable. Assuming Defendants received a copy of the Show Cause Order (which they dispute), Defendants were not given the full thirty days to respond before the Court entered default. And Defendants quickly expressed their intention to defend this lawsuit by appearing in this case just four days after receiving notice of the entry of default. *See Grant*, 841 F.3d at 772; *see also Kingsley v. Lawrence Cnty.*, No. 17-CV-05007-SRB, 2017 WL 11671620, at *2 (W.D. Mo. May 2, 2017) (vacating entry of default where pro se defendant moved to set aside entry of default and responded with an answer one day later). Second, although Defendants deny the Complaint's

3

allegations generally without providing specific facts or evidence, the Court construes pro se filings liberally. *Cf. Whitson v. Stone Cnty. Jail*, 602 F.3d 920, 922 n.1 (8th Cir. 2010) (noting "pro se litigants are held to a lesser pleading standard than other parties" (quotation omitted)). Lastly, any prejudice is slight since Defendants quickly moved to dismiss the entry of default, and the Court sees no risk of lost evidence, increased discovery difficulties, or fraud and collusion in setting aside the default. *See Johnson*, 140 F.3d at 785. Plaintiff's argument that it will be prejudiced if "force[d] . . . to seek relief through additional motion practice" while Defendants attempt to evade this lawsuit should be quelled by requiring Defendants to respond to Plaintiff's Complaint within the next thirty days, i.e., by moving the litigation along. Pl.'s Resp. at 4, ECF No. 28. Thus, good cause exists the set aside the entry of default.

## Conclusion

Defendants' motion to vacate the clerk's entry of default is GRANTED. Accordingly, Plaintiff's motion for default judgment is DENIED AS MOOT. Defendants shall file an answer or responsive pleading to Plaintiff's Complaint on or before February 20, 2024.

A copy of this Order was mailed to Defendants at:

102 NE Evansdale Rd.
Kansas City, MO 64116.

**IT IS SO ORDERED.**

Date: January 19, 2024             /s/ Greg Kays
                                                                GREG KAYS, JUDGE
                                                                  UNITED STATES DISTRICT COURT